■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDREW S. LINICK, Respondent. — Order, Supreme Court, New York County, entered June 23, 1980, dismissing 12 of 13 counts of the indictment on the ground that defendant received transactional immunity pursuant to CPL 50.20 at an examination conducted by the Attorney-General pursuant to article 23-A of the General Business Law, unanimously reversed, on the law, and the stricken counts reinstated. Study of the transcript of the examination of defendant by the Attorney-General pursuant to the subpoena discloses that transactional immunity did not become operative herein. First, there was no offer of transactional immunity. Second, the defendant did not respond to the questioning under duress, but simply refused to answer certain questions, invoking his Fifth Amendment right. While defendant "opened the door" to certain inquiries by volunteering information without objection during the course of the interview, to the effect that he was engaged in business at his home and did not conduct a mail order business involving literature at 220 Fifth Avenue, he refused to disclose any further particulars. This refusal prompted the Attorney-General to inform defendant that his conduct might subject him to penalties under the General Business Law for failure to disclose. Defendant continued in his refusal to divulge any further particulars. Accordingly, the finding that defendant answered questions after threats of criminal sanctions is erroneous and the issue of immunity does not arise. As to defendant's claim that he received immunity because his personal records were subpoenaed and submitted to the Grand Jury, there is no showing that defendant produced such records in answer to the subpoena and no showing that the records were submitted to the Grand Jury. Concur — Sullivan, J. P., Ross, Markewich, Lupiano and Carro, JJ.