■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELEN BLUM, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant argues that she received immunity from prosecution on the charges against her because she responded to a subpoena duces tecum issued by the District Attorney for production of certain of her records for use by the Grand Jury. A witness who gives evidence in a Grand Jury proceeding receives immunity from prosecution on account of any transaction concerning which he gave evidence

(CPL 50.10, 190.40 [2]). To " '[g]ive evidence' " means either "to testify or produce physical evidence" (CPL 50.10 [3]). We conclude that defendant has not been granted immunity because the records she gave to the District Attorney were never presented to the Grand Jury (see, People v Linick, 79 AD2d 925). Moreover, defendant has failed to show that the records she produced were responsive to the subpoena or that she did not volunteer the records with knowledge that they were not responsive (see, CPL 190.40 [2] [b]).

We reject defendant's argument that the evidence was insufficient to sustain the conviction of larceny on the theory of obtaining property by false promise (see, Penal Law § 155.05 [2] [d]). There was sufficient evidence that defendant promised that the moneys she solicited would be used for investment purposes. Not only did defendant make specific representation to this effect to her "investors", but she also gave them schedules of interest rates she was paying bearing the headings, "Rates for Investors of Helen Blum" and "Notice to Investors of Helen Blum". From all of the evidence, the jury was entitled to draw the inferences that defendant was engaged in a Ponzi scheme; that she never intended to invest the money; that she knew that the scheme would inevitably collapse; and thus, that she intended to appropriate the money of her "investors" by disposing of it for her own benefit (see, People v Luongo, 47 NY2d 418, 423, 430; Penal Law § 155.00 [4] [b]).

Defendant did not preserve for review as a matter of law the issue that the trial court erred in failing to instruct the jury that larcenous intent requires an intent to cause permanent loss, and we decline to exercise our discretion to review the issue in the interest of justice.

We have considered defendant's argument that she was deprived of effective assistance of counsel and we find it to be without merit.

Finally, we determine that the sentences imposed were not harsh and excessive. (Appeal from judgment of Monroe County Court, Maloy, J.—scheme to defraud, first degree, and other offenses.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.